## E. B. SMITH v. LOUIS CROMER.

1. PLEADING. *Waiver. Attachment against one of several defendants.*

In an action commenced by attachment against one defendant, where the declaration, subsequently filed, counts against several, and all the defendants have pleaded to the merits, it is error on the trial to exclude evidence showing liability of the defendants not mentioned in the attachment writ. Any objection to the regularity of the proceeding is waived by pleading to the action.

2. BILL OF EXCHANGE. *Demand for payment.*

Suit was brought on the following instrument, signed by the defendant, master of a schooner :

"MOSS POINT, MISS., April 16, 1888.

Received on board schooner " Robert Delmas," from E. B. Smith, two thousand two hundred and twenty-four barrels of charcoal, for which I promise to pay to the order of John J. Driscoli, at New Orleans, the sum of three hundred and sixty-five dollars and seventy-four cents." *Held*, That this is not a bill of exchange, and that it was not necessary to prove that it was presented in New Orleans for payment.

FROM the circuit court of Jackson county.

HON. S. H. TERRAL, Judge.

On April 27, 1888, appellant, E. B. Smith, sued out an attachment in the court below against Louis Cromer, which was executed by levying upon the schooner " Robert Delmas," and a partial cargo of charcoal, and by summoning several persons as garnishees. Afterward the property was released, the plaintiff failing to give an indemnifying bond. On May 30, 1888, plaintiff filed his declaration in the case, containing three counts, based on the following instrument :

"$365.74.               " MOSS POINT, MISS., April 16, 1888.

" Received on board schooner ' Robert Delmas,' from E. B. Smith, two thousand two hundred and twenty-four barrels of charcoal, for which I promise to pay to the order of John J. Driscoli, at New Orleans, the sum of three hundred and sixty-five dollars and seventy-four cents.

" New Orleans, La.               " LOUIS CROMER."

In the first and second counts it was alleged that Louis Cromer,

Dora Cromer, Sophie Cromer, Christian Cromer, Elizabeth Brights, and Fritz Cromer, were the owners of the schooner " Robert Delmas," engaged in the business of running the same and buying and selling cargoes, and that Louis Cromer was master of said schooner, and that the instrument in suit was executed by him for said " firm," for a lot of charcoal received of plaintiff. The third count alleged that " said firm of Louis Cromer " was indebted to plaintiff in the sum of three hundred and sixty-five dollars and seventy-four cents, for goods sold, etc.

Afterward the declaration was amended so as to make the suit one in the name of John J. Driscoli for the use of E. B. Smith, the real party in interest.

Judgment by default was entered sustaining the attachment issue.

The defendant, Louis Cromer, pleaded in abatement that the debt was not due when the suit was instituted.

The other defendants also appeared and pleaded to the action as follows : 1. *Non est factum.* 2. Denying their partnership liability. 3. The general issue.

On the trial it was shown that Louis Cromer was master of the schooner, and gave the instrument in suit to plaintiff for a cargo of charcoal which he expected to carry from the Pascogoula river to New Orleans, and that the schooner was owned by all the defendants jointly. It was also shown that Driscoli had no interest in the debt, and that it was owned by Smith, the plaintiff, who had made demand for payment before suit.

The following is an extract from the bill of exceptions relating to the testimony of the plaintiff : " The court allowed witness to testify that Louis Cromer was acting as master of said schooner with the consent and approval of all the other owners, and refused to allow plaintiff to show that any one else was liable for the debt sued on except Louis Cromer, for the reason that the attachment writ had only been sued out against Louis Cromer."

To this the plaintiff excepted.

It was shown the schooner was wrecked, and that the charcoal was being transferred to another vessel to be taken to New Orleans, when the attachment was sued out; that the charcoal was to be

paid for by defendant when he sold it in New Orleans, and that no demand for payment had been made in New Orleans.

The court refused several instructions asked for on behalf of plaintiff, and as to all the defendants except Louis Cromer instructed the jury to find for them, because they were not included in the attachment writ. Then, as to the other defendant, the following instruction was given : " As it clearly appears from the evidence that a bill of exchange for the debt sued on was given, payable to John J. Driscoll, at New Orleans, La., and that no demand was ever legally made for the payment of the bill of exchange by any person entitled or authorized to make such demand, the jury will find for the defendant, Louis Cromer."

Plaintiff excepted to the action of the court on the instructions.

From a judgment in favor of all the defendants, the plaintiff appeals.

*Horace Bloomfield,* for appellant.

1. The testimony shows that *all* the defendants were owners of the schooner at the time the debt was contracted by Louis Cromer, the master of the vessel. This made them all liable. Desty's Shipping and Admiralty (Ed. 1879), §§ 38 and 116. The suit is against the *firm* of " Louis Cromer." The court, therefore, erred in holding that it could be shown that only *one* defendant was liable for the debt.

2. The proof shows that a proper demand was made for the payment of the debt before suit brought. Demand in New Orleans was unnecessary.

3. There had been sufficient time for the schooner to make the trip to New Orleans before suit, and hence the debt was due. *Randall* v. *Johnson,* 59 Miss. 317.

*Chas. H. Wood,* for appellees.

1. The attachment was sued out against Louis Cromer individually. The other defendants deny any partnership liability, deny making the instrument sued on, and deny indebtedness to the plaintiff. No evidence was offered going to show that they were liable for the debt.

The declaration counts on the instrument given by Louis

Cromer, and on an open account for the same amount. But this does not change the case, for each count relates to the *same debt*.

2. The plaintiff never made any legal demand for the payment of the bill of exchange. But he attached the cargo of charcoal before it could be gotten to New Orleans, and thus by his own act prevented the defendant from realizing on the charcoal, except a small amount. The instructions were correct.

CAMPBELL, J., delivered the opinion of the court.

The plaintiff should have been allowed to show by evidence the liability of the defendants other than Louis Cromer. They had pleaded, and their liability was the question at issue as between them and the plaintiff.

The action of the court on the instructions was erroneous. The instrument sued on is not a bill of exchange. It was not necessary for it to be presented in New Orleans for payment. The plaintiff certainly showed himself entitled to a verdict against Louis Cromer, and proposed to show the liability of the other defendants who had pleaded to his declaration and denied liability, and the court denied him the right to show this.

If any objection could have been made by the defendants, who were not embraced by name in the attachment, they waived it by pleading to the action.

*Reversed and remanded.*